IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY KINSLOW,

    Plaintiff,

v.                                                                Civ. No. 07-1164 MV/RLP

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983; the Religious Land Use and Institutional Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*; and the New Mexico Religious Freedom Restoration Act, NMSA (1978) §§ 28-22-1 *et seq.*

2.    Plaintiff is a Native American who alleges that prison officials violated the foregoing laws when they denied him access to the institution's Sweat Lodge and deprived him of various materials for his religious practices. Plaintiff filed a Motion for Preliminary Injunction, requesting that the Court order Defendants to allow him the access to the Sweat Lodge to which he was entitled. In his Complaint, in addition to monetary damages, Plaintiff seeks injunctive and declaratory relief. Plaintiff later filed a Motion for Emergency Protective Order, in which he claimed that prison officials placed him in administrative segregation in retaliation for the filing of his lawsuit.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3. On August 5, 2008, while the above two motions were pending, Plaintiff filed a Notice of Change of Address, indicating he had been transferred to the Santa Fe State Prison [Doc. 29]. "Generally, an inmate's transfer to another prison . . . moots his request for declaratory or injunctive relief." *Marrie v. Nickels*, 70 F.Supp.2d 1252, 1259 (D. Kan. 1999) (collecting cases). Thus, "when a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, [the court has] no jurisdiction under Article III." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999).

4. The "capable of repetition yet evading review" standard is a narrow exception to the mootness doctrine and applies only when two circumstances are simultaneously present: (1) the challenged action's duration is too short to be fully litigated prior to cessation; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action. *Id.* at 1216 (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). Even when an inmate argues that he may be returned to the same facility, that eventuality together with the likelihood that the same individuals will again commit the same acts is too speculative to provide a live case or controversy. *Id.*; *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360 (11th Cir. 1984).

<u>RECOMMENDED DISPOSITION</u>

I recommend that Plaintiff's Motion for Preliminary Injunction [Doc. 5]; Plaintiff's Motion for Emergency Protective Order [Doc. 23]; and all other claims for injunctive or declaratory relief in Plaintiff's Complaint be denied as moot.

_____
Richard L. Puglisi
United States Magistrate Judge