IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY KINSLOW,

    Plaintiff,

v.                                                            Civ. No.  07-1164 MV/RLP

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

    Defendants.

### MAGISTRATE JUDGE'S THIRD REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutional Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq*; and the New Mexico Religious Freedom Restoration Act, NMSA (1978) §§ 28-22-1 *et seq*. The Court has previously issued the Magistrate Judge's (a) Report and Recommendation [Doc. 30]; (b) Supplemental Report and Recommendation [Doc. 39]; and (c) Second Report and Recommendation [Doc. 42] concerning different issues raised by Plaintiff.  This Third Report and Recommendation concerns Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction directed against Defendants New Mexico Corrections Department and Joe Williams, Secretary of Corrections.  *See* Motion [Doc. 38].

    2.    Plaintiff is a Native American.  After being transferred from the facility in Las Cruces, Plaintiff is now incarcerated in Santa Fe and has received a Level VI classification

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

for being in a higher security facility. *See* Doc. 27-2, Exhibit A-2 at 3, ¶ 6(b). He alleges that he is given access to the facility's sweat lodge only once every 90 days and is also being denied the necessary quantities of materials needed to express his religious beliefs (tobacco, sage, etc.). He seeks injunctive relief, requesting this Court to compel Defendants to comply with the statutory requirements of the Native American Counseling Act (the Act), §§ 33-10-1 *et seq.*

3.  The Act provides that "Native American religions shall be afforded by the corrections department the same standing and respect as Judeo-Christian religions . . . to the extent that it does not threaten the reasonable security of the corrections facility." § 33-10-4(A). The Act further provides that inmates shall have, on a regular basis for at least six hours per week access to the items and materials used in religious ceremonies and to the facility's sweat lodge. § 33-10-4(B)(2)-(3).

4.  In response to Plaintiff's Motion, Defendants reiterate that Plaintiff is a high security risk due to his past escapes from prison. Defendants state that "Plaintiff's request is for a Preliminary Injunction to change his treatment as a Level VI inmate. This appears to be an attempt to have this court order NMCD to ignore Plaintiff's classification and his requested placement into Protective Custody and go contrary to the protocols and structure developed by NMCD." Response [Doc. 44] at 4, ¶ 16.

5.  The prison policies submitted by Defendants in response to two previous requests for *Martinez* reports appear to generally follow the dictates of the Act as described above. *See* Doc. 25, Exhibit 1B at 6, ¶ K(1) ("Sweat Lodge ceremonies are generally conducted on a weekly basis in a correctional setting."). Preceding that paragraph of the policy, is a statement that for Level VI prisoners, congregate activities in the sweat lodge

may be limited pursuant to Department policy CD-143000. *Id.* at ¶ J(3). The Court has not received policy CD-143000.

6. The Court is not trying to change Plaintiff's classification; the Court is attempting to find out why Defendants are not following their own policies. Plaintiff stated at the hearing held August 29, 2008 he was not asking for congregate activities. He just wanted the access to the sweat lodge which the Act and prison policy afforded him. What Defendants have utterly failed to do is to explain to this Court, through affidavits of persons with knowledge and applicable prison policies, <u>why</u> Plaintiff's being a flight risk should limit his time in the sweat lodge. There is simply no evidence adduced to date that draws the causal connection between being a flight risk and being allowed into the sweat lodge only once every 90 days. Or, stated another way, why is Plaintiff being denied weekly access to the sweat lodge to which he is entitled? Despite a hearing, response briefs, and Court-ordered *Martinez* Report the Court cannot determine whether limiting Plaintiff's religious activities is based on a valid penological reason or is an arbitrary or exaggerated response to his requests.

7. Similarly, there has been no evidence presented to date as to why the materials Plaintiff is requesting for his religious ceremonies have been, as he has testified, severely limited. It may be that Plaintiff requests too much and that his demands are unreasonable. But the prior conclusory testimony that "he asks for more than anyone else" is simply insufficient on its face. The Court would need an affidavit from someone with personal knowledge, such as the Native American advisor, to put forth this testimony. Defendants have again utterly failed to proffer evidence to support their position.

8. A party seeking a preliminary injunction has the burden of showing:

> (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.

*Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255 (10th Cir. 2004) (internal quotation marks & brackets omitted).

9. Plaintiff has met his burden. The governing law indicates that his religious freedoms, while subject to valid and reasonable penological policies, may not be unreasonable curtailed. Because no one has questioned the sincerity of his religious beliefs, the Court finds that Plaintiff has satisfied the second element. Because Plaintiff is not asking for congregate activities, and because Defendants have presented nothing more than conclusory statements of perceived harm, it is difficult to see what harm may be caused to Defendants. Finally, because Defendants have failed completely to present the Court with anything other than conclusory statements, unorganized documents, insufficient affidavits, and a complete absence of pertinent legal authority, the Court finds the Plaintiff has prevailed on the fourth element as well.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Preliminary Injunction [Doc. 38] be granted and that the district court proceed to a trial on the merits to determine whether a permanent injunction should issue.

Richard L. Puglisi
United States Magistrate Judge