IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY KINSLOW,

    Plaintiff,

v.                                            Civ. No. 07-1164 MV/RLP

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

    Defendants.

ORDER ADOPTING THE MAGISTRATE JUDGE'S
THIRD REPORT AND RECOMMENDATION
AND SETTING THE MATTER FOR TRIAL

    Before the Court are Defendants' objections to the Magistrate Judge's Third Report and Recommendation, Plaintiff's Motion to Clarify, and Plaintiff's Motion for Entry of Declaratory Judgment Voiding Prison Policies as Unconstitutional. The Third Report and Recommendation recommended that Plaintiff's Motion for Preliminary Injunction [Doc. 38] be granted and that the district court proceed to a trial on the merits to determine whether a permanent injunction should issue. Defendants' timely filed objections have been considered by the Court after a *de novo* review of the record. The Court finds that the objections are not well-taken and that the Third Report and Recommendation shall be adopted by the Court.

    Plaintiff's Motion to Clarify specified the injunctive relief he is seeking: (1) access to the sweat lodge for six hours a week; (2) proper quantities of items necessary for his religious observances at the sweat lodge, the weekly sacred prayer pipe ceremony and tobacco prayer offerings, and monthly medicine bag for daily observances. Plaintiff states that he is currently being denied access to the sweat lodge and denied the quantities of

items (herbs, tobacco, etc.) to which he is entitled under the Native American Counseling Act, NMSA §§ 33-10-1 *et seq* (the Act).

Defendants respond that Plaintiff has been reclassified to a Level VI prisoner and that prison policy prohibits the Court from granting the relief Plaintiff seeks.

Plaintiff's Motion for Entry of Declaratory Judgment argues that prison officials are not complying with the provisions of the Act and that they have unjustifiably curtailed his religious practices, both when he was a Level IV inmate at the Southern facility and now again as a Level VI inmate at the Santa Fe facility

The Court has reviewed the record before it. The Act itself does not limit time in the sweat lodge (an inmate is allowed six consecutive hours per week, § 33-10-4(B)(3)), and possession of materials for religious ceremonies may not be limited "as long as this possession does not threaten the reasonable security of the corrections facility." § 33-10-4(C). Prison policy CD-101100(A) provides that Level VI inmates are "normally" not allowed congregate activities, *i.e.*, time spent with others in the sweat lodge. Policy CD-101101(J)(2) contains the same limitation on congregate activities. But as Plaintiff indicated at the evidentiary hearing held by the Magistrate Judge, he is *not* seeking congregate activities: he merely wants access to the sweat lodge for the six hours a week to which he is entitled.

Prison policy CD101101(F)(2) provides that inmates at all levels may be afforded the right to acquire and keep personal medicine pouches or bags with approval from the Warden. Denial of any authorization to possess any of the above shall be documented in writing by the Warden. There is no evidence in this case that materials were limited to Plaintiff at the direction of the Warden. Indeed, the testimony has been that Plaintiff

requests more materials than any other Native American inmate, which is not indicative of a "reasonable security concern" as required by the Act.

Prisoners do not forfeit all of their constitutional rights upon incarceration. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Courts must, however, give appropriate deference to prison administrators "who are actually charged with and trained in the running of the particular institution under examination." *Id.* at 349.

The Magistrate Judge requested two *Martinez* Reports and held one evidentiary hearing to determine whether Defendants have legitimate penological interests in curtailing Plaintiff's religious freedoms. Defendants have expressed nothing other than conclusory statements such as "Mr. Kinslow is a flight risk" and that tobacco is "known" to be used as contraband in a prison setting.

Nevertheless, the Court cannot determine at this juncture whether Plaintiff is entitled to all of the access to the sweat lodge and items for his medicine pouch that he seeks. Accordingly, the Court will defer implementation of the preliminary injunction, and defer its rulings on the Motion to Clarify and the Motion for Declaratory Judgment, pending a trial on the merits of the issues before it. Counsel has previously been appointed to represent Plaintiff [Doc. 53].

IT IS THEREFORE ORDERED that the Magistrate Judge's Third Report and Recommendation [Doc. 47] is adopted by the Court as stated herein;

IT IS FURTHER ORDERED that ruling on Plaintiff's Motion to Clarify [Doc. 53] is deferred;

IT IS FURTHER ORDERED that ruling on Plaintiff's Motion for Entry of Declaratory Judgment Voiding Prison Policies as Unconstitutional [Doc. 57] is deferred; and

IT IS FURTHER ORDERED that a trial on the merits and rulings on the pending motions will be held on February 17, 2009.

IT IS SO ORDERED.

_____
MARTHA VÁZQUEZ
Chief United States District Judge