IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY KINSLOW,

    Plaintiff,

v.                                                     Civ. No. 07-1164 MV/RLP

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

    Defendants.

MAGISTRATE JUDGE'S FOURTH REPORT AND RECOMMENDATION[1]

    1.    This matter comes before the Court on Plaintiff's Motion for Relief Pursuant to Rule 60 of the Federal Rules of Civil Procedure. Plaintiff asserts that Defendants have breached the written settlement agreement between the parties, which was finalized in April, 2009. Pursuant to that settlement agreement Plaintiff, through counsel, filed a Stipulated Dismissal on April 16, 2009 [Doc. 82].

    2.    The law is clear in this area:

> Once a lawsuit is settled and dismissed, the district court does not generally have "ancillary jurisdiction to enforce the parties' settlement agreement. A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement."

*McKay v. United States*, 207 Fed.Appx. 892 (10th Cir. 2006) (unpublished opinion) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994)).

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Fourth Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3. Unless the order of dismissal reserves jurisdiction, neither the judge's awareness or approval of the settlement agreement suffices to provide jurisdiction. *Id.* (citing *id.* at 1110-11).

4. In this case the Stipulated Dismissal does not reference the settlement agreement and there is no language in it that indicates a reservation of jurisdiction. *See* Doc. 82. Accordingly this Court is without jurisdiction to entertain Plaintiff's Fed.R.Civ.P. 60 Motion in this case. Other avenues of relief, if any, must be sought.

### Recommended Disposition

I recommend that Plaintiff's Motion for Relief Pursuant to Rule 60 [Doc. 84] be denied.

Richard L. Puglisi
Chief United States Magistrate Judge